**Sibopha MUONG; Bin Moung; Tony Moung; Boravy Moung Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 00–70248.

I & NS Nos. A70–546–587 A70–546–588 A72–402–181 A72–402–182.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 17, 2001.

Decided Nov. 1, 2001.

Before FARRIS, KLEINFELD and GOULD, Circuit Judges.

MEMORANDUM *

Sibopha Muong, his wife, and his two children, all natives of Cambodia and citizens of New Zealand, petition for review of the Board of Immigration Appeals' dismissal of their appeal from the Immigration Judge's decision denying *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We deny the petition.

The BIA's decision must be upheld if it is supported by substantial evidence. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). To justify a reversal of the BIA's decision, the evidence must compel the opposite result. *Id.* at 483–84, 112 S.Ct. 812.

The BIA did not err when it determined that Muong was not entitled to asylum.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

The evidence demonstrated that Muong and his family lived peacefully in New Zealand for over six years and obtained citizenship there. *See* 8 C.F.R. § 208.13(c)(2)(i)(B); 8 C.F.R. § 208.15(a); *Cheo v. INS,* 162 F.3d 1227, 1229 (9th Cir.1998). Muong remained in New Zealand considerably longer than necessary to arrange onward travel, and his living arrangements were not restricted by the authorities in New Zealand. Substantial evidence supports the BIA's conclusion that Muong was firmly resettled in New Zealand before he came to the United States. *See Elias–Zacarias,* 502 U.S. at 481, 112 S.Ct. 812.

Boravy Muong's motion for reconsideration of this court's July 13, 2001, order is denied. The Muongs' request for attorneys' fees is denied.

PETITION FOR REVIEW DENIED.